UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VALENE L FLORES,

        Plaintiffs,

v.

        Case No. 24-cv-0732-bhl

WILDE EAST TOWNE HONDA,

        Defendant.

## SCREENING ORDER

On June 11, 2024, Plaintiff Valene L. Flores, proceeding *pro se*, filed a complaint against Wilde East Towne Honda's Madison and Milwaukee, Wisconsin locations. (ECF No. 1.) She requested her complaint be under seal. (*See id.* at 1.) Earlier that same day, she had filed a similar complaint, involving the same underlying facts, which the Clerk had docketed as a separate case. (*See* Case No. 24-cv-0731-bhl; ECF No. 1.) On July 1, 2024, Flores filed identical motions for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP), in both cases. (ECF No. 3; Case No. 24-cv-0731-bhl ECF No. 3.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *C.f.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### The Movant's Indigency

Flores reports that she is unemployed, unmarried, and is responsible for supporting one of her children. (ECF No. 3 at 1.) She states that she receives $1,482 per month in disability payments. (*Id.* at 2.) She owns a 2020 vehicle (the make and model she lists as "confidential"), but she indicates it is worth approximately $18,500. (*Id.* at 3.) Against this income and assets, Flores reports monthly expenses for her car payment ($1,047), credit card payments ($550), car insurance ($410), renter's insurance ($40), miscellaneous bills ($500), for a total of $2,547 in expenses. (*Id.* at 2–3.) She also reports a variable amount of support required per month for her minor child whose age is confidential. (*Id.* at 1.) Flores's undisclosed amount of money required

for her minor child coupled with her property assets raises questions regarding her indigency. Nevertheless, based on her sworn submissions, the Court finds she has sufficiently established her indigency to warrant a fee waiver.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT[1]

Flores is a citizen of Albany, New York and Wilde East Towne Honda is a car dealership based in Madison and Milwaukee, Wisconsin. (ECF No. 1 at 1–2.) She uses the form for non-

---

[1] The Factual Background is derived from Lewis's complaint, ECF No. 1, the allegations in which are presumed true for screening purposes. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

prisoner civil rights claims and checks boxes indicating these claims are in both Wilde East Towne Honda's individual and official capacities. (*Id.*) She later clarifies that her suit is a "consumer protection suit … for damages to a vehicle" in July 2023. (*Id.* at 3.) Flores states that the dealership "more or less stole [her] trade-in vehicle," a 2007 Toyota Rav-4, in February 2013 by "ripp[ing] off $4k on it." (*Id.*) Flores clarifies that she does not believe she was ever paid for the car and adds that the Rav-4 sat in the storeroom development garage for three and a half years. (*Id.* at 3–4.)

In July 2023, Flores again patronized Wilde East Towne Honda, where either the dealership or Aaron with New Babylon Honda or the New York Department of Motor Vehicles or the U-Haul in Loves, Park, Illinois stole the fuse box cover lid on the driver's side of her new vehicle. (*Id.*) Flores complains she had to drive to Milwaukee twice to get the missing part after driving to both Madison, Wisconsin and Rockford, Illinois to find the part. (*Id.*)

Flores states that she did not sustain a physical injury from these events, "but [] could have from the missing fuse box cover." (*Id.* at 5.) She further states that the vehicle could have suffered permanent damage because she has had issues when all of the windows are down at once. (*Id.*) Both incidents also created economic hardships for Flores. (*Id.*) She seeks $12,000 in money damages for the "trade in theft," "up front payment for electrical damages" for her current vehicle or a money judgment for a new vehicle (same type or upgrade, preferably an electric version), another money judgment for a new Rav-4 hybrid or electric vehicle, and an injunction against the employees involved in the incident. (*Id.*)

## ANALYSIS

Plaintiffs may bring civil actions for a deprivation of rights under 42 U.S.C. § 1983 if they satisfy two essential elements. First, the challenged conduct must have been committed by a person acting under color of state law, and second, the conduct must have been deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution." *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022). People act under color of state law when they possess power "by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). Section 1983 also requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

Flores's complaint paints a vague picture of what happened to her at Wilde East Towne Honda in both February 2013 and July 2023. As with her prior complaint, she fails to provide allegations that Wilde East Towne Honda is a state actor, as required by Section 1983. She also fails to provide allegations that support a plausible inference of a violation of her civil rights perpetuated by Wilde East Towne Honda itself—indeed, she admits that perhaps three other people or entities could have been the one to steal the fuse box from her vehicle. (ECF No. 1 at 4.) Because Section 1983 requires personal liability, this is not enough to raise her right to relief against Wilde East Towne Honda above the speculative level. *See Colbert*, 851 F.3d at 657.

And, as mentioned above, Flores's case is almost identical to her previously-filed case. (*See* Case No. 24-0731.) The doctrine of claim splitting blocks a second lawsuit without a final judgment on the merits in the first if there is identity of parties in both suits and an identity in the causes of action. *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021) (citing *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015); *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). Claims have identity in the causes of action "if the 'claims arise out of the same set of operative facts or the same transaction.'" *Id.* (citing *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)). In both cases, Flores alleges Wilde East Towne Honda stole from her or otherwise acted unlawfully when she bought vehicles from them and traded in her Toyota Rav-4. Because both suits make mention of the same alleged incidents and sue the same individuals, Flores's second complaint is barred by the claim splitting doctrine. *See Scholz*, 18 F.4th at 956; *Rexing Quality Eggs v. Rembrandt Enterprises, Inc.*, 953 F.3d 998, 1004 (7th Cir. 2020).

As explained in Flores's other case, Case No. 24-cv-0731-bhl, the Seventh Circuit has instructed that a *pro se* plaintiff generally be afforded one opportunity to amend her complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022). Accordingly, if Flores believes she can cure the deficiencies identified in this decision, she may file an amended complaint *in her other case* by the date specified in that case's screening order. If Flores cannot cure the deficiencies in the original complaint, she need not take any further action.

Accordingly,

**IT IS HEREBY ORDERED** that Flores's motion to proceed IFP, ECF No. 3, is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 1, 2024.

                                               s/ *Brett H. Ludwig*
                                               BRETT H. LUDWIG
                                               United States District Judge